UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HIDDEN CREEK CONDO ASSOCIATION, ET AL.**                           **CIVIL ACTION**

**VERSUS**

**AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY**           **NO. 17-01539-BAJ-RLB**

### ORDER TO SUBSTITUTE

This 2016 Baton Rouge flood case is set for trial on September 10, 2021. Now it comes to light that Plaintiff Edward Hill, who also served as the President and corporate representative of Plaintiff Hidden Creek Condo Association, has been deceased since August 31, 2019. The parties raise this fact to the Court's attention *not* through a timely suggestion of death or motion to substitute, pursuant to Federal Rule of Civil Procedure ("Rule") 25. Instead, they embed the fact of Mr. Hill's demise in affidavits describing their settlement efforts, further explaining that settlement discussions are at an "impasse" due to counsels' inability to convey Defendant's December 17, 2020 settlement offer to Mr. Hill, or to his successor at the Condo Association. (Docs. 27, 28).

It is beyond the Court's comprehension how the parties have managed to avoid raising the issue of Mr. Hill's death for *two years*, much less how they intend to conduct a trial without him in just three weeks.[1] Plainly, Mr. Hill must be replaced.

---

[1] The Court interprets the parties' failure to provide timely notification of Mr. Hill's death as yet another example of counsels' dilatory approach to the hundreds of flood actions in which they have appeared. A more complete history of counsels' lack of professionalism is set forth

*See Benitez v. Anciani*, 127 F.2d 121, 125 (1st Cir. 1942) (explaining that an action cannot "go forward … without any one representing the estate of the deceased," and that "it is necessary to bring in the representatives of the decedent by appropriate proceeding" (quotation marks omitted)). Absent a suggestion of death or motion to substitute, the Court shall exercise its authority under Rule 25 to order substitution of a proper party for Mr. Hill. Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party."). Failure to timely substitute a proper party for Mr. Hill shall result in dismissal of this action. *Escareno v. Carl Nolte Sohne GmbH & Co.*, 77 F.3d 407, 411 (11th Cir. 1996) (under Rule 25 the district court is "empowered to set a time limit within which a substitution [must] be consummated").

Accordingly,

**IT IS ORDERED** that on or before September 30, 2021, the parties shall file a motion for substitution of Mr. Hill pursuant to Rule 25. This action shall be dismissed in the event that no such motion is filed.

**IT IS FURTHER ORDERED** that the September 10, 2021 trial of this action and all related deadlines be and are hereby **CONTINUED**.

---

in *Burkhalter, et al. v. Hartford Underwriters Insurance Company*, et al., No. 17-cv-01086-BAJ-SDJ, 2021 WL 3121209 (M.D. La. July 22, 2021).

**IT IS FURTHER ORDERED** that this action is **ADMINISTRATIVELY CLOSED** pending the Court's review and approval of a timely filed motion for substitution.

Baton Rouge, Louisiana, this 18th day of August, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**