## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**HIDDEN CREEK CONDO ASSOCIATION,**                    **CIVIL ACTION**
**ET AL.**

**VERSUS**

**AMERICAN NATIONAL PROPERTY**                    **NO. 17-01539-BAJ-RLB**
**AND CASUALTY COMPANY**

### RULING AND ORDER

Before the Court is Plaintiffs' **Motion For Substitution Of Party Under Fed.R.Civ.P. 25(a) (Doc. 30)**, seeking leave to substitute a party in the place of Plaintiff Edward Hill, who died August 31, 2019. Defendant opposes Plaintiffs' request, correctly noting that Plaintiffs' motion lacks any evidentiary support, as required by Federal Rule of Civil Procedure ("Rule") 25 and Louisiana Code of Civil Procedure art. 801. (Doc. 31). Having failed to properly support their motion, Plaintiffs' request to substitute will be denied, and this action will be dismissed.

## I.    RELEVANT PROCEDURAL HISTORY

Plaintiff Edward Hill, who also served as the President and corporate representative of Plaintiff Hidden Creek Condo Association, has been deceased since August 31, 2019. (Doc. 27 at ¶ 2). Rather than raise this fact to the Court's attention through a timely suggestion of death or motion to substitute, the parties included this information in an Affidavit of Settlement Efforts submitted on August 13, 2021, just four weeks before trial. (Doc. 29).

On August 18, 2021, the Court *sua sponte* issued an Order to Substitute, requiring Plaintiffs' counsel to file a proper motion for substitution of Mr. Hill  no

later than September 30, 2021. (Doc. 29). The Court's substitution order expressed frustration regarding the parties' two year delay in raising the matter of Mr. Hill's death—specifically noting that this is "yet another example of counsels' dilatory approach to the hundreds of flood actions in which they have appeared," (*id.* at p. 1, n.1)—and warned that failure to seek substitution of Mr. Hill would result in dismissal (*id.* at p. 3).

On September 30, 2021, Plaintiffs' submitted the instant motion, seeking to substitute Mr. Hill's sister—Debra Hill—"as a party plaintiff for Edward Hill, individually and as president of Hidden Creek Condo Association." (Doc. 30 at p. 2). Plaintiffs' motion represents that Mr. Hill died intestate on August 31, 2019, that he is survived by his sister (Debra Hill) and his brother, and that his succession has not been opened. (*Id.* at p. 1). Notably, Plaintiffs' motion does *not* state Debra Hill's relationship (if any) to the Condo Association, much less explain how she is a proper party to represent the interests of the Condo Association in this action. (*See id.*). Further, Plaintiffs' motion is based solely on representations of counsel, and is not supported by any competent evidence.

On October 1, 2021, Defendant file its opposition to Plaintiffs' motion, arguing that Plaintiffs have not carried their burden of showing that substitution is proper under Rule 25 and La. C.C.P. art. 801, and that, as a result, Plaintiffs' action must be dismissed. (Doc. 31). Plaintiffs offer no response to Defendant's opposition.

## II.    LAW AND ANALYSIS

This Court has explained that upon a party's death, the Court must make the determination regarding proper substitution "pursuant to procedural mechanism

found in Rule 25(a)(1) of the Federal Rules of Civil Procedure and in light of the substantive inheritance laws of the State of Louisiana." *Wilkerson v. Stalder*, No. 00-cv-304, 2013 WL 6665745, at * 1 (M.D. La. Dec. 17, 2013) (Brady, J.). Where the party requiring a substitute fails to properly seek substitution, "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

Louisiana Code of Civil Procedure art. 801 provides "[w]hen a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on *ex parte* written motion supported by proof of his quality." A "legal successor" may include "[t]he surviving brothers and sisters of the deceased." La. Civ. Code Ann. art. 2315.1(A)(3). But merely *naming* one's sibling as successor is not enough to properly affect substitution. Instead, "[j]urisprudence interpreting Article 801 requires that a motion to substitute for a deceased party include proof of quality, such as an affidavit of death and heirship or a judgment of possession." *Kemper v. Don Coleman, Jr., Builder, Inc.*, 746 So. 2d 11, 15 (La. App. 2 Cir. 1999). The Court is "unable to act on [a] motion to substitute" absent sufficient "proof of quality." *See Konneker v. Sewerage & Water Bd. of New Orleans*, 703 So. 2d 1341, 1343 (La. App. 4 Cir. 1997).

Here, Plaintiffs fail to accompany their motion with an affidavit, a judgment of possession, or other evidence supporting their motion to substitute. Lacking *any* "proof of quality," the Court cannot act, *see id.*, and Plaintiffs' action "must be dismissed" under Rule 25(a)(1).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion For Substitution Of Party Under Fed.R.Civ.P. 25(a) (Doc. 30)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED**.

Judgment shall be issued separately.

Baton Rouge, Louisiana, this 21st day of April, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**